IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| LINDA TATUM, | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | No. 4:03cv000948 SWW |
| | * | |
| | * | |
| WHITE RIVER BEVERAGE COMPANY, | * | |
| INC., an Arkansas Corporation, and | * | |
| RANDY BOOKER, as an individual, | * | |
| | * | |
| Defendants. | * | |

## ORDER

This is a case of alleged employment discrimination based on sexual harassment and is brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, and the Arkansas Civil Rights Act of 1993 ("ACRA"), Ark. Code Ann. §§ 16-123-101 *et seq.* An additional state-law claim of assault is asserted as well. The matter is before the Court on motion of separate defendant, Randy Booker, to dismiss or, in the alternative, for summary judgment [doc.#15]. Booker argues that there is no supervisor liability under Title VII, that there is no basis for proceeding under 42 U.S.C. § 1981 (to the extent such a claim is being asserted) as plaintiff is white, that the state-law claims must be dismissed in the absence of federal claims against Booker, and, finally, that the complaint was filed on November 26, 2003, but he was not served until June 1, 2005. Plaintiff has not responded to Booker's motion and the time for doing so has long since passed. Accordingly, all facts as set forth in Booker's Statement of Material Facts as to Which there is no Genuine Dispute, including that the complaint was filed on

November 26, 2003, but he was not served until June 1, 2005, are deemed admitted.[1] That being so, there is no dispute that Booker was not timely served and the Court therefore grants Booker's motion to dismiss or for summary judgment on that basis (although even if service had been timely, the Court would grant Booker's motion to dismiss or for summary judgment for the other reasons stated).

IT IS THEREFORE ORDERED that separate defendant Booker's motion to dismiss or, in the alternative, motion for summary judgment [doc.#15], be and it hereby is granted.

Dated this 18th day of July, 2005.

/s/Susan Webber Wright

CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Under Fed.R.Civ.P. 56, "an opportunity to submit briefs and supporting affidavits satisfies the parties right to be heard." *Ivy v. Kimbrough*, 115 F.3d 550, 551 (8th Cir. 1997) (citations omitted). In this regard, Rule 7.2 of the Local Rules of this Court gives the party opposing a motion for summary judgment eleven days to respond. "After that eleven-day period, the court may treat the motion as submitted unless a party has requested, and the court has granted, more time for further briefing, for oral argument, or for an evidentiary hearing." *See Kimbrough*, 115 F.3d at 551. As previously noted, the plaintiff has not responded to Booker's motion to dismiss or for summary judgment and has not requested an extension of time in which to file his response. The Court thus considers Booker's motion to be submitted. The Court notes also that Rule 56.1 of the Local Rules provides that "[a]ny party moving for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, shall annex to the notice of motion a separate, short and concise statement of the material facts as to which it contends there is no genuine issue to be tried." Paragraph (b) of the rule provides that "[i]f the non-moving party opposes the motion it shall file, in addition to any response and brief, a separate, short and concise statement of the material facts as to which it contends a genuine issue exists to be tried." The plaintiff has failed to file a statement of the material facts as to which he contends genuine issues exist to be tried and, thus, has admitted the facts as set forth by Booker in his statement of material facts. *See* Rule 56.1(c), which provides that "[a]ll material facts set forth in the statement filed by the moving party pursuant to paragraph (a) shall be deemed admitted unless controverted by the statement filed by the non-moving party under paragraph (b)."